UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

SHANNITA JONES

v.      Record No. 0569-17-4

ARLINGTON COUNTY DEPARTMENT
 OF HUMAN SERVICES

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
DECEMBER 12, 2017

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

(Deborah E. Kramer, on briefs), for appellant.  Appellant submitting
on briefs.

(Jason L. McCandless, Assistant County Attorney; Aaron S. Book,
Guardian *ad litem* for the minor children; Webster Book LLP, on
brief), for appellee.  Appellee and Guardian *ad litem* submitting on
brief.

Shannita Jones (mother) is appealing the orders terminating her parental rights to her two

children and approving the goals of adoption.  Mother argues that the circuit court erred by

(1) finding that mother "had been unwilling or unable within a reasonable period of time not to

exceed twelve (12) months from the time that the children were placed in foster care to remedy

substantially those conditions which led to the child's [sic] placement;" (2) finding that "the services

offered the mother were reasonable and appropriate;" (3) affirming the foster care service plan and

finding that "the best interest of the minor children was for them to be adopted;" and (4) finding that

"the children's behavior indicated that they were exposed to more things and aware of more things

because of life with their mother, and us[ing] this finding to support it's [sic] ruling to terminate the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

mother's residual parental rights." Upon reviewing the record and briefs of the parties, we conclude that the circuit court did not err. Accordingly, we affirm the decisions of the circuit court.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother's two children, who were born in 2005 and 2011, are the subject of this appeal.[1] On October 7, 2015, the Arlington County Department of Human Services (the Department) became involved with the family after it received reports of inadequate supervision and possible substance abuse by mother. The Child Protective Services unit (CPS) referred the family to ongoing services and developed a safety plan. On November 6, 2015, the Department again became involved with the family after the police contacted it. The older child, who was ten years old at the time, was wandering the halls of the family's apartment building and was crying after a fire alarm sounded. The police could not locate mother. On November 8, 2015, the police responded to a report that mother was hitting the older child with a belt in the hallway of the apartment building. The police observed bruises on the child's arm and back. On November 9, 2015, CPS conducted an unannounced visit and discovered that both children were home alone. The CPS investigator called mother, and she returned home. They made a temporary plan for the children to stay with a relative in Washington D.C. However, once the Department discovered that an adult in the home had a criminal history, the Department placed the children in foster care.

On December 9, 2015, the JDR court found that mother had neglected the children. However, the JDR court granted mother's request for the children to be placed back in her home.

---

[1] Mother has another child who is older and not the subject of this appeal.

The JDR court issued preliminary protective orders and held that the Department had legal custody of the children.

CPS conducted two unannounced visits to the home and found mother's boyfriend present. The Department learned that mother's boyfriend had a criminal history and implemented a safety plan prohibiting mother's boyfriend from having any contact, or being in the home, with the children. Afterwards, on December 27, 2015, the police responded to mother's home due to a domestic violence incident between mother and her boyfriend. The children were home at the time of the incident. On December 28, 2015, the Department removed the children from mother's care.

The Department worked with mother and provided her services, but to no avail. The Department referred mother to a mental health therapist for an intake assessment. Mother attended four different intakes, but did not comply with the recommended services. Mother tested positive for marijuana and PCP on three separate occasions. The therapist recommended that mother attend a detoxification program, which mother did from March 25 to April 2, 2016. She was discharged before she completed the program because she did not comply with the rules and exhibited "challenging behaviors." Mother was not a candidate for outpatient therapy because she did not show any interest in treatment. In April and May 2016, mother tested positive for marijuana and PCP. She was referred to the detox program again, but she refused to go. In August 2016, she continued to test positive for marijuana and PCP.

The Department also referred mother for a psychological evaluation and parent-child assessment. The psychologist arranged for a drug screen, and mother tested positive for PCP, marijuana, and dextromethorphan. The psychologist stated that mother appeared to be under the influence of drugs during the evaluation. The psychologist determined that mother had underlying mental health issues and was using drugs to self-medicate. The psychologist

concluded that mother needed to get inpatient treatment for her substance abuse issues and then participate in individual therapy. Mother did not do so.

The Department referred mother to a parenting class. Mother completed the parenting class, but tested positive for marijuana and PCP while she was taking the class. The Department also arranged for visitation between mother and the children. However, the visitations stopped after May 24, 2016 because of mother's continued drug use. Mother never admitted she had a substance abuse problem. In addition, mother lost her home when her housing voucher was terminated in August 2016.

On September 29, 2016, the JDR court approved the foster care plans with the goals of adoption. On January 26, 2017, the JDR court terminated mother's parental rights to her children. Mother appealed to the circuit court.

On March 22 and 29, 2017, the parties presented evidence and argument to the circuit court. The Department presented evidence about the children and how they were doing in foster care. The youngest child's therapist testified about the progress the child had made since being in foster care. The child has an attachment/adjustment disorder and has trouble controlling her emotions and impulses. The therapist said that the child had benefitted from the consistency and structure in her foster care home.

The foster care mother explained that both children were emotionally behind their peers. When they first came into foster care, the children had anxiety issues and were aggressive. The older child was behind in school and had memory problems. The foster care mother testified about the children's extensive needs, but also relayed the progress they had made.

Mother testified that she was living in an apartment in Washington D.C. with a male friend. She did not have a job. Mother had not started seeing a substance abuse counselor. She could not remember the last time that she used PCP, and she still used marijuana. Mother said

that she had a prescription for the marijuana; however, she did not have any documentation to corroborate this claim. Mother did not believe that her children were delayed or needed therapy.

At the conclusion of the hearing, the circuit court held that it was in the children's best interests to terminate mother's parental rights and approved the goals of adoption. This appeal followed.

ANALYSIS

*Termination of parental rights – Assignments of error 1, 2, and 4*

"When reviewing termination of residual parental rights, this Court presumes that the trial court 'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Eaton v. Washington Cty. Dep't of Soc. Servs., 66 Va. App. 317, 324, 785 S.E.2d 231, 235 (2016) (quoting Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "[I]n a case involving termination of parental rights, '[t]he trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659).

The circuit court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2), which states that a court may terminate parental rights if

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Mother argues that the circuit court erred when it found that mother was unwilling or unable to remedy substantially the conditions that led to the children being placed in foster care. Mother complied with some of the Department's requirements, such as going to a parenting class and

participating in a psychological evaluation. However, mother had not complied with any of the Department's requirements regarding substance abuse treatment. Mother did not participate in a detox program. She claims she did not complete or attend the program because she previously was sexually harassed at the program. Yet, she did not seek referrals to any other programs, nor did she follow any of the psychologist's or substance abuse counselor's recommendations regarding therapy. Mother repeatedly tested positive for drugs and admitted she continued to use marijuana.

Mother claimed that the services offered to her were not reasonable or appropriate because they never addressed her mental health issues. However, the psychologist and therapists explained that until mother had addressed her substance abuse issues, a counselor could not diagnose and treat her mental health problems. The circuit court noted that the evidence proved that "if there are co-occurring disorders, which is what we may have here, it is hard to find out what is going on if someone is using." The circuit court concluded that the Department correctly put "some chronological priority" on substance abuse.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992). "The Department is not required 'to force its services upon an unwilling or disinterested parent.'" Logan, 13 Va. App. at 130, 409 S.E.2d at 463-64 (quoting Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986)).

In this case, the circuit court did not err in finding that the Department made reasonable and appropriate efforts to provide mother with services, but she refused to participate in the necessary substance abuse treatment.

Mother also did not recognize the children's needs. The foster care mother testified about the children's problems when they arrived in foster care and their ongoing needs. The circuit court found that the children's needs were "substantial, varied and will be longstanding" and that at the time of the hearing, mother was incapable of meeting those needs.

Mother contends the circuit court erred when it stated that "what happened and preceded the Department's involvement with these children was substantial and severe." The circuit court was concerned about what the children were exposed to while living with mother because it found that the older child "is cautious and he is constantly on the lookout." The circuit court said, "No 11-year-old should ever worry about his personal safety, and he clearly does." Mother emphasized that the youngest child's therapist could not state that the youngest child's problems with regulating her body movements were caused by problems she had with her mother. However, the therapist explained that she could not make that conclusion because she had no interaction with mother.

Contrary to mother's arguments, the circuit court considered all of the evidence and found that "the children need more than what [mother is] able to give them and they need someone who can recognize where they are, what they need, and how it can be handled, and that does not exist with mother, unfortunately." The circuit court did not err in terminating mother's parental rights pursuant to Code § 16.1-283(C)(2).

*Goal of adoption – Assignment of error #3*

Mother argues that the circuit court erred in approving the goal of adoption for the children and contends the goal should have been return home. She noted that the foster care mother testified that she and her husband were not planning on adopting the children due to the foster care parents' ages. Mother asserts that she could provide the stability that the children needed and would not receive if they were transferred to another family.

As noted above, the circuit court found that it was not in the children's best interests to return home because at the time of the hearing, mother was not in a position to care for the children. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The circuit court did not err in approving the foster care plans with the goals of adoption for the children.

CONCLUSION

For the foregoing reasons, the circuit court's rulings are affirmed.

Affirmed.